**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4409**

─────────────

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

RYHEEM RISHAWN JENKINS, a/k/a Heem,

           Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:13-cr-00446-RBH-6)

─────────────

Submitted: March 30, 2015          Decided: April 22, 2015

─────────────

Before WILKINSON, DIAZ, and HARRIS, Circuit Judges.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

─────────────

M.W. Cockrell, III, THE COCKRELL LAW FIRM, P.C., Chesterfield, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryheem Rishawn Jenkins appeals his conviction, pursuant to a guilty plea, for conspiracy to possess with intent to distribute and to distribute 280 grams or more of cocaine base, 500 grams or more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court sentenced Jenkins to a 180-month term of imprisonment, as stipulated in the Fed. R. Crim. P. 11(c)(1)(C) plea agreement. Jenkins' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but raising as a potential issue the adequacy of the plea hearing. Although informed of his right to do so, Jenkins has not filed a pro se supplemental brief.

Having reviewed the transcript of the plea colloquy for plain error, we conclude that the district court substantially complied with the requirements of Rule 11. The court's failure to inform Jenkins of the potential immigration consequences of his plea and that the agreed-upon sentence would be included in the judgment did not affect his substantial rights. See Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (providing standard); see also United States v. Davila, 133 S. Ct. 2139, 2147 (2013) (applying standard in guilty plea context).

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm Jenkins' conviction. Because Jenkins' agreed-upon sentence was imposed pursuant to Rule 11(c)(1)(C), it is not reviewable. <u>See</u> 18 U.S.C. § 3742(c)(1) (2012); <u>United States v. Calderon</u>, 428 F.3d 928, 932 (10th Cir. 2005). Thus, we dismiss the appeal as to the sentence and we affirm the judgment in all other respects.

This court requires that counsel inform Jenkins, in writing, of his right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>